IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK T. CLAY, | § | |
| | § | |
| Defendant Below, | § | No. 480, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2301000219 (N) |
| | § | |
| Appellee. | § | |

Submitted: April 23, 2026
Decided: June 22, 2026

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record on appeal, it appears to the Court that:

(1)   In 2023, a grand jury indicted Mark T. Clay for multiple sexual offenses, including first-degree rape and continuous sexual abuse of a child. The charges arose from Clay's conduct with one of his children. After discovering child pornography, which included images of this child, on Clay's computer, the State reindicted Clay to add multiple counts of dealing in child pornography.

(2)   Clay filed a motion to suppress, arguing that the search warrants were general warrants with no temporal limitations. Clay also argued that the search of electronic devices he caused to be moved to his father's house was not conducted

within the ten-day period provided by the warrant. The court found that the warrants were not general or overbroad but that the warrant to search the electronic devices was executed outside of the ten-day window. The court ruled that the evidence obtained from this warrant could not be used but stated that, if the State obtained and timely executed a new warrant for the electronic devices, it would address any issues arising from such a warrant.

(3) Clay also filed a motion to dismiss, asserting violation of his right to a speedy trial, and a motion for severance of the child pornography charges. The Superior Court denied both motions.

(4) A jury trial commenced on January 27, 2025. After the child testified on the second day of trial, Clay pleaded guilty to two counts of first-degree rape and sexual exploitation of a child in exchange for the State's dismissal of the remaining charges. The State also agreed not to seek sentencing enhancement under 11 *Del. C.* § 4205A. The court ordered a presentence investigation.

(5) On April 29, 2025, Clay's counsel (not trial counsel but another attorney in the Public Defender's office) filed a motion to withdraw the guilty plea. The motion was based on Clay's allegations that his trial counsel had provided inadequate representation. Counsel also filed a motion to withdraw because the allegations of inadequate representation by a public defender created a conflict of interest for the Public Defender's Office. The State opposed the motion to withdraw

2

the guilty plea. The court granted counsel's motion to withdraw and ordered the appointment of new counsel for Clay.

(6) At the September 10, 2025 hearing on the motion to withdraw the guilty plea, Clay's new counsel described the events leading to the motion to withdraw, summarized the contents of the motion, and stated that Clay would answer any questions that the court had regarding the motion. The court then heard arguments from the State and Clay. At the conclusion of the hearing, the Superior Court denied Clay's motion to withdraw his guilty plea. On October 31, 2025, the court sentenced Clay to seventy-five years of Level V incarceration, suspended after forty years for decreasing levels of supervision. This appeal followed.

(7) Clay's counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Clay of the provisions of Rule 26(c) and provided Clay with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Clay of his right to identify any points he wished this Court to consider on appeal. Clay has submitted points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

3

(8)     When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1] In his points submitted to this Court, Clay argues that the Superior Court erred in denying his plea-withdrawal motion.

(9)     We review the Superior Court's denial of a motion to withdraw a guilty plea for abuse of discretion.[2] Superior Court Criminal Rule 32(d) permits withdrawal of a plea before sentencing for "any fair and just reason."[3] The defendant bears the burden of establishing a fair and just reason.[4] In deciding whether to grant a motion to withdraw a plea, the Superior Court considers whether: (i) there was a procedural defect in taking the plea; (ii) the defendant voluntarily entered the plea; (iii) the defendant had a basis to assert legal innocence; (iv) the defendant had adequate legal

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[2] *Scarborough v. State*, 938 A.2d 644, 649 (Del. 2007).

[3] Super. Ct. Crim. R. 32(d).

[4] *Scarborough*, 938 A.2d at 649.

counsel; and (v) granting the motion would prejudice the State or unduly inconvenience the court.[5]

(10) Clay does not identify any procedural defect in the taking of his plea. He suggested below that his anxiety issues constituted a procedural defect, but he did not mention any such issues during the plea colloquy. Clay indicated in the Truth-in-Sentencing Guilty Plea Form that he had never been a patient in a mental hospital and that he was not under the influence of any drugs. As required by Superior Court Criminal Rule 11(c), the Superior Court discussed the plea and its ramifications with Clay during the plea colloquy. The Superior Court did not err in finding that no there was procedural defect in Clay's guilty plea.

(11) Clay claims that his plea was coerced and involuntary. As the Superior Court recognized, the record contradicts this claim. In the Truth-in-Sentencing Guilty Plea Form, Clay indicated that he voluntarily decided to plead guilty and that all his answers to the questions in the form were truthful.

(12) During the plea colloquy, Clay affirmed that no one forced him to plead guilty and that he understood that he was waiving his trial and appeal rights, including appellate review of the denial of the motions he had filed. He further indicated that he had enough time to confer with his trial counsel about the terms of

---

[5] *Id.*

the plea agreement. "A defendant's statements to the Superior Court during the guilty plea colloquy are presumed to be truthful."[6] In the absence of clear and convincing evidence to the contrary, Clay is bound by his representations during the guilty plea colloquy and in the Truth-in-Sentencing Guilty Plea Form.[7]

(13) Clay asserts that there is "a lot of evidence that directly refutes the allegations" against him but fails to identify any of this evidence or explain how it establishes a basis to assert legal innocence.[8] In denying the motion to withdraw the plea, the Superior Court discussed how there was "strong testimony and documentary and pictorial evidence" of Clay's guilt.[9] The court emphasized the "compelling" and "significant" nature of the complaining witness's testimony regarding Clay's conduct.[10] Clay admitted that he committed the crimes of first-degree rape and sexual exploitation of a child during the plea colloquy. We do not discern any error the Superior Court's finding that Clay failed to establish a basis to assert legal innocence.

---

[6] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[7] *Id.*

[8] Opening Br. Ex. A at 4.

[9] Opening Br. App. at A1113.

[10] *Id.* at A1111-13.

6

(14)   As he did below, Clay argues that he lacked adequate legal counsel during the plea process because his trial counsel was ineffective. He also argues that the attorney appointed to handle the motion to withdraw his plea was ineffective, but this claim was not raised or addressed below so we will not consider it for the first time on appeal.[11] To establish that his trial counsel was ineffective, Clay must show: (i) his trial counsel's representation fell below an objective standard of reasonableness and that (ii) there is a reasonable probability that but for his trial counsel's errors, Clay would have insisted on proceeding with trial.[12] There is a strong presumption that counsel's representation was professionally reasonable.[13]

(15)   The Superior Court found that trial counsel's representation did not fall below an objective standard of reasonableness, highlighting trial counsel's zealous pretrial motion practice and best efforts in cross-examining the complaining witness. Clay contends that his trial counsel was ineffective for failing to collect and review evidence Clay identified, but he does not describe any of this evidence or explain how it would be helpful to his case. During the plea withdrawal hearing, Clay suggested that there were pictures, videos, cell phone data, and bank statements his

---

[11] *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994) (declining to consider ineffective assistance of counsel claim that was not decided in the Superior Court).

[12] *Hill v. Lockhart*, 474 U.S. 52, 60 (1985); *Strickland v. Washington*, 466 U.S. 668, 690-96 (1984).

[13] *Strickland*, 466 U.S. at 689.

trial counsel should have collected and reviewed. He did not, and does not, explain how those materials would refute the numerous incidents that the child described as occurring over the course of a decade. Nor does he address how the allegedly exculpatory evidence relates to the child pornography charges. A few of the photographs were admitted during the child's testimony, but Clay pleaded guilty before photographs of other children would have been introduced at trial. The Superior Court did not err in finding that trial counsel's representation of Clay was adequate.

(16) Finally, the Superior Court found that withdrawal of the plea would significantly prejudice the State because it might not be possible to schedule a new trial until 2027 and witness memories would continue to fade in the meantime. The court noted that the victim might not be willing to undergo the ordeal of testifying again, leaving the State without a key witness. A new trial would also require the court to expend scarce resources and convene another jury. Based on its findings that none of the relevant factors weigh in favor of plea withdrawal, the Superior Court denied Clay's motion to withdraw his plea. We agree with the Superior Court's conclusion that the relevant factors did not weigh in favor of granting Clay's motion to withdraw his guilty plea.

(17) The Court has reviewed the record carefully and concluded that Clay's appeal is wholly without merit and devoid of any arguably appealable issue. We also

are satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Clay could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be AFFIRMED and the motion to withdraw is moot.

BY THE COURT:

/s/ Gary F. Traynor
Justice

9